# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 31, 2023

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| CHERISH MOORE, | \* | PUBLISHED |
| | \* | |
| | \* | |
| Petitioner, | \* | No. 20-1589V |
| | \* | |
| v. | \* | Special Master Gowen |
| | \* | |
| SECRETARY OF HEALTH | \* | Tetanus-diphtheria-pertussis |
| AND HUMAN SERVICES, | \* | ("Tdap"); Shoulder Injury Related |
| | \* | to Vaccine Administration |
| Respondent. | \* | ("SIRVA"); Entitlement. |

\* \* \* \* \* \* \* \* \* \* \* \* \*

*Jessica A. Olins*, Maglio Christopher & Toale Law Firm, Seattle, WA, for Petitioner.
*Madelyn E. Weeks*, U.S. Department of Justice, Washington, D.C., for Respondent.

## RULING ON ENTITLEMENT[1]

On November 13, 2020, Cherish Moore ("Petitioner") filed a petition under the National Vaccine Injury Compensation Program ("Vaccine Program" or "Vaccine Act").[2] Petitioner alleged that she received a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination on October 2, 2019, which was the actual cause of her developing a right Shoulder Injury Related to Vaccine Administration ("SIRVA"). (ECF No. 35).

On December 8, 2022, the undersigned issued a Finding of Fact, finding that petitioner has demonstrated that her pain and shoulder dysfunction occurred within the requisite time period after receiving an the Tdap vaccination on October 2, 2019. *Moore v. Sec'y of Health & Human Servs.,* No. 20-1589, 2022 WL 17986133 (Fed. Cl. Spec. Mstr. Dec. 8, 2022).

On January 30, 2023, respondent filed an amended Rule 4(c) report requesting that the Special Master decide the issue of entitlement in the above-captioned case. Respondent ("Resp.") Amended Rule 4(c) Report ("Rept.") (ECF No. 44).

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. §3501 note (2012), **because this ruling contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the ruling is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the ruling will be posted on the court's website without any changes.** *Id.*

[2] As set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. § 300aa-10 to 34 (2012).

## I.     Legal Standard

The Vaccine Act provides two avenues for petitioners to receive compensation. A petitioner may demonstrate either that she suffered a "Table" injury,[3] or that she suffered a different injury which was caused-in-fact by a vaccine listed on the Vaccine Injury Table. In this case, petitioner is alleging she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), which is a Table Injury. The Table provides that The Vaccine Table's Qualification and Aids to Interpretation ("QAI") provides:

*Shoulder injury related to vaccine administration (SIRVA).* SIRVA manifests as shoulder pain and limited range of motion occurring after the administration of a vaccine intended for intramuscular administration in the upper arm. These symptoms are thought to occur as a result of unintended injection of vaccine antigen or trauma from the needle into and around the underlying bursa of the shoulder resulting in an inflammatory reaction. SIRVA is caused by an injury to the musculoskeletal structures of the shoulder (e.g. tendons, ligaments, bursae, etc). SIRVA is not a neurological injury and abnormalities on neurological examination or nerve conduction studies (NCS) and/or electromyographic (EMG) studies would not support SIRVA as a diagnosis (even if the condition causing the neurological abnormality is not known). A vaccine recipient shall be considered to have suffered SIRVA if such recipient manifests all of the following:

(i) No history of pain, inflammation or dysfunction of the affected shoulder prior to intramuscular vaccine administration that would explain the alleged signs, symptoms, examination findings, and/or diagnostic        studies occurring after vaccine injection;

(ii) Pain occurs within the specified time frame;

(iii) Pain and reduced range of motion are limited to the shoulder in which the intramuscular vaccine was administered; and

(iv) No other condition or abnormality is present that would explain the patient's symptoms (e.g. NCS/EMG or clinical evidence of radiculopathy, brachial neuritis, mononeuropathies, or any other neuropathy).

42 C.F.R. § 100.3(c)(10) (2017).

## II.     Discussion and Conclusion

The undersigned resolved the factual issue of onset raised by respondent in the Finding of Fact issue on December 8, 2022, in which the undersigned found that petitioner's onset of pain occurred within 48-hours of receipt of the Tdap vaccine administered on October 2, 2019. *Moore,* at * 10. The Finding of Fact includes a review of petitioner's medical records, affidavits of petitioner, declarations of her husband, and declaration of her coworker. *Id.* at * 3-6. Those summaries will not be repeated here but are incorporated herein by reference. Additionally, the Finding of Fact is incorporated herein by references as if fully set forth.

---

[3] A "Table" injury is an injury listed on the Vaccine Injury Table, 42 U.S.C. § 100.3, corresponding to the vaccine received within the time-frame specified.

In respondent's amended Rule 4(c) report, he states, "In light of the Special Master's fact ruling, and medical record evidence submitted in this case, DICP has concluded that petitioner suffered SIRVA as defined by the Vaccine Injury Table." Resp. Rept at 7. Further, respondent states, "petitioner had no recent history of pain, inflammation, or dysfunction of her right shoulder; the onset of pain occurred within 48 hours after receipt of an intramuscular vaccination; the pain was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's right shoulder pain. *Id.* at 7 (citing 42 C.F.R. §§ 100.3(a),(c)(10). Respondent also acknowledges that "petitioner suffered the residual effects of her condition for more than six months." *Id.* at 8. Therefore, "based on the record as it now stands and subject to his right to appeal the Finding of Facts, respondent does not dispute that petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.* (citing § 300aa-13).

Based on the record as a whole, including the declarations of petitioner and other lay witnesses, petitioner's medical records, and respondent's amended Rule 4(c) report, the undersigned finds that petitioner has established a Table SIRVA injury resulting from her October 2, 2019 Tdap vaccination. Thus, petitioner is entitled to compensation. A separate damages order will be issued.

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master